IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | Case No. 1:23-CR-426-JEB-1 |
| | ) | |
| PHILLIP CRAWFORD | ) | |

**DEFENDANT PHILLIP CRAWFORD'S MOTION
TO EXCLUDE IMPEACHMENT EVIDENCE OF
PRIOR CRIMINAL CONVICTIONS AND ARRESTS**

COMES NOW Phillip Crawford ("Mr. Crawford"), pursuant to Rules 608 and 609 of the Federal Rules of Evidence and the Fifth, Sixth, and Fourteen Amendments to the U.S. Constitution, and hereby files this Motion to exclude impeachment evidence of old and unrelated prior arrests and misdemeanor convictions.

**I.    PRELIMINARY STATEMENT**

Mr. Crawford is charged with eight counts of criminal conduct, six felonies and two misdemeanors, relating to the events of January 6, 2021. (Doc. 19). The indictment charges Mr. Crawford with a web of overlapping and largely duplicative counts based on claims of assault and disorderly conduct at the U.S. Capitol. (Id.). The charges stem from a brief few minutes at the Lower West Terrace tunnel entrance to the U.S. Capitol. Mr. Crawford is a family man with three young children and a wife of 19 years. He has not had an arrest or conviction for over 15 years. He has never been convicted of a felony.

1

Mr. Crawford makes this motion for a pretrial determination on the issue of whether the government may attempt to impeach him with old and irrelevant arrests and misdemeanor convictions. In order to make the important decision about whether to testify, a right guaranteed by the Constitution, Mr. Crawford must know if he will be subject to cross-examination on these prior incidents. Because the arrests and convictions are stale and unrelated to the current charges, the Court should exclude this cross-examination. It would be improper impeachment under the rules.

## II.     ARGUMENT

### A.     Using Mr. Crawford's Prior Misdemeanor Convictions to Impeach Him Would Be Improper Under Rule 609.

Rule 609 of the Federal Rules of Evidence sets forth the rules on the use of prior convictions to attack a witness's character for truthfulness. Fed. R. Evid. 609(a)(1) outlines the rule for impeachment when the prior conviction is punishable by imprisonment for more than one year (i.e., a felon). Evidence of such a conviction is admissible against a defendant if the probative value of the conviction outweighs the prejudicial effect to the defendant. Fed. R. Evid. 609(a)(1)(B). Mr. Crawford does not have such a conviction.

Fed. R. Evid. 609(a)(2), however, governs the use of convictions for *any* crime regardless of punishment, and states, in such a case, "the evidence must be admitted if the court can readily determine that establishing the elements of the

crime required proving – or the witness's admitting – a dishonest act or false statement." Fed. R. Evid. 609(a)(1). This subsection would allow impeachment if the crime is a misdemeanor, and the elements require a dishonest act or a false statement.

Finally, Fed. R. Evid. 609(b) governs the use of convictions when more than 10 years have passed since the witness's conviction or release from confinement. Evidence of such a conviction is admissible "only if" its probative value substantially outweighs its prejudicial effect and advance, written notice is given. Fed. R. Evid. 609(b)(1) and (2).

Here, Mr. Crawford has a limited criminal history, but he did suffer a few misdemeanor convictions when he was much younger, all in Georgia.

- On January 15, 1998, Mr. Crawford, at 22 years old, was sentenced under the Georgia First Offenders Act, O.C.G.A. § 42-8-60 et seq., for misdemeanor battery. He was later discharged without an adjudication of guilt.[1]

---

[1] This would not count as a conviction. *See* O.C.G.A. § 42-8-62(a) (providing for discharge upon fulfillment of first offender probation and complete exoneration without a judgement of guilt). Nevertheless, it is inadmissible, as set forth below.

- On February 22, 2001, when Mr. Crawford was 24, he pled guilty to misdemeanors for obstruction of law enforcement and giving false information.

- On May 24, 2005, when Mr. Crawford was 28, he pled guilty to theft by taking.

The only prior convictions which are theoretically usable on cross-examination are the misdemeanor false information convictions from February 22, 2001, which will be addressed below. But first, a look at the others.

Georgia theft by taking does not meet the requirements for admissibility under Rule 609(a)(2). O.C.G.A. § 16-8-2 reads: "A person commits the offense of theft by taking when he unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated." This statute does not require a dishonest act or false statement. *United States v. Sellers*, 906 F.2d 597, 603 (11th Cir. 1990) ("It is established in this Circuit . . . that crimes such as theft, robbery, or shoplifting do not involve 'dishonesty or false statement' within the meaning of Rule 609(a)(2).").[2] Nor does

---

[2] *See* 1 Kenneth S. Broun et al., McCormick on Evidence § 42 (Robert P. Mosteller ed., 8th ed. 2022) ("[F]ederal courts and most state courts are unwilling to classify offenses such as petty larceny, receipt of stolen property, shoplifting, robbery, possession of a weapon . . . as per se crimes of 'dishonesty or false statement.'").

4

Georgia battery.[3] *See United States v. Harvey*, 588 F.2d 1201, 1203-04 (8th Cir. 1978) (holding that district court committed plain error allowing government to cross-examine accused about misdemeanor assault which did not involve dishonesty or a false statement). Because these crimes do not meet the threshold requirements of Rule 609(a)(2), they are inadmissible to impeach.

With respect to the Georgia misdemeanor obstruction of law enforcement, such evidence would likewise be inadmissible to impeach. The essential elements of Georgia misdemeanor obstruction of law enforcement are (1) knowingly and willfully obstructing or hindering, (2) any law enforcement officer, (3) in the lawful discharge of his official duties. O.C.G.A. § 16-10-24(a); *see Whitner v. Moore*, 150 Fed. Appx. 918, 921 at n. 3 (11th Cir. 2005) (affirming summary judgment in case brought pursuant to 42 U.S.C. § 1983). The statute was made "purposefully broad" to encompass lawful activity which interferes with law enforcement. *Whitner*, supra. at n. 3 (citation omitted). It does not require dishonesty or false statements. For this reason, use of the conviction to impeach Mr. Crawford would be improper.

---

[3] Georgia simple battery is defined under O.C.G.A. § 16-5-23, which requires either (1) intentional physical contact of an insulting or provoking nature with the person of another; or (2) intentionally causing physical harm to another. *Id*. at § 16-5-23(a)(1) and (2). Proof of dishonesty or false statements is irrelevant to the charge.

Finally, Mr. Crawford's conviction for giving false information to law enforcement, due to their age, would be admissible *only if* their probative value, supported by specific facts and circumstances, *substantially outweighs* their prejudicial effect. Fed. R. Evid. 609(b)(1). "[U]nder Rule 609(b) convictions are presumptively remote and inadmissible when more than 10 years have elapsed." McCormick on Evidence, supra. at fn. 2, § 42 n. 43. "Rule 609(b) creates, in effect, a rebuttable presumption that convictions over ten years old are more prejudicial than helpful and should be excluded." *Cretacci v. Hare*, 533 F. Supp. 3d 605, 608-09 (E.D. Tenn. 2021) (invoking Rule 609(b) to exclude two felony convictions involving crimes of dishonesty which were 30 and 15 years old). The Advisory Committee Notes to Rule 609 provide: "It is intended that convictions over 10 years old will be admitted very rarely and only in exceptional circumstances." Fed. R. Evid. 609, Note to Subdivision (b); *see United States v. Tagliaferro*, 530 F. Supp. 3d 295 (S.D. N.Y. 2021) (denying government's motion in limine to impeach with 24-year-old felony conviction). These misdemeanor convictions should be inadmissible.

Here, on January 6, 2021, the prior false statement convictions were over 20 years old. Now, they are 23 years old. There is no probative value, much less probative value which substantially outweighs the prejudicial effect from dragging decades-old misdemeanor convictions before a jury. The Court should

prevent the government from using these prior convictions to impeach Mr. Crawford's credibility should he take the stand.

### B. The Government Should Not Be Allowed to Inquire into Arrests or Dismissed Charges as Specific Instances of Conduct Under Rule 608(b).

Even further removed from relevance are several old arrests which did not even result in convictions. More specifically, Mr. Crawford was involved in certain events in the distant past where he was arrested and not charged or, where charges were otherwise dismissed. Mr. Crawford asks the Court to preclude the government from attempting to impeach him with these incidents.

Rule 608(b) allows cross examination under certain circumstances of the conduct of a witness if clearly probative of truthfulness or untruthfulness. As is the case with Rule 609, the prior conduct must be probative of truthfulness. Rule 608(b) reads, in part:

> **(b) Specific Instances of Conduct.** Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the *character for truthfulness or untruthfulness* of:
>
> (1) the witness; or
>
> (2) another witness whose character the witness being cross-examined has testified about.

Fed. R. Evid. 608(b)(1) and (2) (emphasis added).

Here, the government pointed out in its memorandum in support of revoking Mr. Crawford's bond that he has three prior convictions (see above) and several arrests. (Doc. 14 at 7) (citing Doc. 6, Pretrial Report). With respect to conduct for which Mr. Crawford was <u>not</u> convicted, the paperwork reflects two events where he was accused of carrying a weapon. He was not convicted of these charges. Nevertheless, as explained above, the possession of a weapon is not an offense which bears on truthfulness. *See* McCormick on Evidence, *supra.* at fn. 2; *see United States v. Millings*, 535 F.2d 121, 123 (D.C. Cir. 1976) (holding that carrying a pistol without a license was not a crime involving dishonesty or false statement). Moreover, as with his convictions, these events occurred over 20 years ago and would have no probative value. Fed. R. Evid. 608(b); Fed. R. Evid. 403. The government should be precluded from cross examining Mr. Crawford about prior uncharged or dismissed conduct that does not bear on truthfulness.

### III.   CONCLUSION

For the above reasons, Mr. Crawford respectfully requests that the Court grant his motion to exclude evidence of past convictions, arrests, or conduct which is inadmissible under Federal Rules of Evidence 608 and 609. The exclusion of this evidence pretrial is necessary for him to make an unencumbered and free choice to exercise his constitutional right to testify. The Court should exclude this

evidence and disallow its use by the prosecution on cross-examination should Mr. Crawford choose to testify.

    Dated:  This 4th day of March 2024.

                                          Respectfully submitted,

                                          */s/ Thomas L. Hawker*
                                          THOMAS L. HAWKER
                                          Georgia Bar No. 338670
                                          Attorney for Phillip Crawford

Federal Defender Program, Inc.
Sute 1500, Centennial Tower
101 Marietta Street, NW
Atlanta, Georgia 30303
(404)688-7530
Thomas_Hawker@fd.org