IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| V. | ) | Case No. 1:23-CR-426-JEB |
| | ) | |
| PHILLIP CRAWFORD | ) | |

## STATEMENT OF THE OFFENSE

Pursuant to Federal Rule of Criminal Procedure 11, Defendant, Phillip Crawford ("Mr. Crawford"), by and through his attorney, agrees and stipulates to the below factual basis for his guilty plea. The facts are set forth in chronological order with the corresponding counts of the Superseding Indictment noted:

### Count 1

Beginning at approximately 12:53 p.m. on January 6, 2021, and continuing until approximately 6:30 p.m. on January 6, 2021, the events on the grounds of the United States Capitol constituted a public disturbance that involved acts of violence by assemblages of three or more persons. That public disturbance caused an immediate danger of, or resulted in damage or injury to, the property or person of any other individual. During this time, a number of Metropolitan Police Department Officers ("MPD") and United States Capitol Police Officers ("USCP") were engaged in the performance of their official duties. Mr. Crawford admits that the events on the grounds of the U.S. Capitol, including at times when he was not

1

present, adversely affected the performance of a federally protected function, including the protection of the U.S. Capitol Building and its Grounds.

Mr. Crawford made his way to the Lower West Terrace Entrance of the Capitol by working his way up the steps through a crowd of people. Between approximately 4:10:42 p.m. and 4:13:38, Mr. Crawford committed acts to obstruct, impede, or interfere with a law enforcement officer performing his official duties.

## Count 2

At approximately 4:10:45 p.m., Mr. Crawford reached the top of the steps of the Lower West Terrace Entrance, tumbling forward over individuals near the left tunnel wall. Mr. Crawford intentionally swung his arm and made physical contact with a law enforcement officer. That officer was an employee of the United States or was assisting an officer or employee of the United States.

## Count 3

After getting knocked back and falling away toward the middle of the Lower West Terrance Entrance tunnel, between approximately 4:10:56 p.m. and 4:11:05 p.m., Mr. Crawford intentionally and forcefully pulled on the leg of a law enforcement officer, making physical contact with that officer. That officer was an employee of the United States or was assisting an officer or employee of the United States.

## Count 11

At approximately 4:11:09 p.m., Mr. Crawford returned to the left wall of the Lower West Terrance Entrance and knowingly and willfully struck a civilian with his right hand. This was an act of physical violence, and it occurred on Capitol Grounds.

## Count 4

At approximately 4:11:15 p.m., while still at the left tunnel wall, Mr. Crawford intentionally lunged forward with both arms, reaching over individuals, and made physical contact with a law enforcement officer. That officer was an employee of the United States or was assisting an officer or employee of the United States.

## Count 5

Subsequently, Mr. Crawford was knocked to the ground in the middle of the tunnel area. At approximately 4:12:04 p.m., after receiving several blows to his own head while he was on the ground, Mr. Crawford stood up, and, with his hand, forcefully and intentionally made physical contact with a law enforcement officer. That officer was an employee of the United States or was assisting an officer or employee of the United States. In the process, Mr. Crawford fell backwards onto the ground.

## Elements of the Offense (Count 1)

18 U.S.C. § 231(a)(3) requires proof of the following elements:

a.      First, the defendant knowingly committed an act or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with a law enforcement officer.

b.      Second, at the time of the defendant's actual or attempted act, the law enforcement officer was engaged in the lawful performance of his official duties incident to and during a civil disorder.

c.      Third, the civil disorder in any way or degree obstructed, delayed, or adversely affected either commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.

## Elements of the Offenses (Counts 2-5)

18 U.S.C. § 111(a) requires proof of the following elements:

a.      First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with an officer or employee of the United States or a person who was assisting an officer or employee of the United States.

b.      Second, the defendant did such acts forcibly.

c.      Third, the defendant did such acts voluntarily and intentionally.

d.      Fourth, the person who was assaulted, resisted, opposed, impeded, intimidated, or interfered with either was an officer or employee of the United

4

States who was then engaged in the performance of his official duties or was assisting such an officer or employee in the performance of such duties.

e.    Fifth, the defendant made physical contact with that officer or assisting person, or acted with the intent to commit another felony.

Elements of the Offense (Count 11)

40 U.S.C. § 5104(e)(2)(F) requires proof of the following elements:

a.    First, the defendant engaged in an act of physical violence within the Capitol Buildings or Grounds.

b.    Second, the defendant acted willfully and knowingly.

Defendant's Acknowledgements

The defendant knowingly and voluntarily admits that the elements set forth above as to Count 1 of the Superseding Indictment are satisfied by the Statement of Offense.

The defendant knowingly and voluntarily admits that the elements set forth above as to the charges in Counts 2 – 5 of the Superseding Indictment are satisfied by the Statement of Offense.

The defendant knowingly and voluntarily admits that the elements set forth above as to Count 11 of the Superseding Indictment are satisfied by the Statement of Offense.

<u>Penalties</u>

Mr. Crawford understands that a violation of 18 U.S.C. § 231(a)(3) (Count 1) carries a maximum sentence of 5 years imprisonment; a maximum fine of $250,000; a term of supervised release of not more than 3 years; a mandatory special assessment of $100; and an obligation to pay court ordered restitution, if applicable. In lieu of imprisonment, 18 U.S.C. § 231(a)(3) authorizes a term of probation of not less than 1 nor more than 5 years.

Mr. Crawford understands that each violation of 18 U.S.C. § 111(a) (Counts 2-5) carries a maximum sentence of 8 years of imprisonment; a maximum fine of $250,000; a term of supervised release of not more than 3 years; a mandatory special assessment of $100; and an obligation to pay court ordered restitution, if applicable. In lieu of imprisonment, 18 U.S.C. § 111(a) authorizes a term of probation of not less than 1 nor more than 5 years.

Mr. Crawford understands that a violation of 40 U.S.C. § 5102(e)(2)(F) (Count 11), carries a maximum sentence of 6 months of imprisonment; a maximum fine of not more than $5,000; and a mandatory special assessment of $10. In lieu of imprisonment, 40 U.S.C. § 5102(e)(2)(F) authorizes a term of probation of not more than 5 years.

This 17th day of May 2024.

6

Date: 5/15/24
Phillip Crawford

Date: 5/15/24
Thomas L. Hawker
Georgia Bar No. 338670
Ross Brockway
Georgia Bar No. 490836
Massachusetts Bar No. 703246
Attorneys for Phillip Crawford

Federal Defender Program, Inc.
Sute 1500, Centennial Tower
101 Marietta Street, NW
Atlanta, Georgia 30303
(404)688-7530

7