UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PHILLIP MARION CRAWFORD,<br><br>Defendant. | Criminal Action No. 23-426 (JEB) |

**MEMORANDUM OPINION**

Phillip Crawford was a member of the crowd that stormed the U.S. Capitol on January 6, 2021. While on the Capitol grounds, he scuffled with several law-enforcement officers, including by throwing a rubber gas mask at one of them. Crawford was charged with multiple criminal counts related to such conduct and pled guilty to several. After a bench trial on the remaining counts, the Court found him guilty on all but Count VI (assault on officer), which it held in abeyance pending further briefing on certain legal issues. Having now reviewed the parties' submissions, the Court will find Crawford guilty of that last charge at the sentencing hearing scheduled for October 21, 2024.

**I.    Background**

A grand jury indicted Defendant on December 6, 2023. See ECF No. 19. The Government then filed an eleven-count Superseding Indictment on March 6, 2024, see ECF No. 34, which charges him with the following criminal acts: Civil Disorder, in violation of 18 U.S.C. § 231(a)(3) (Count I); Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a)(1) (Counts II, III, IV, and V); Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon, in violation of 18 U.S.C. § 111(a)(1), (b) (Count VI); Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous

1

Weapon, in violation of 18 U.S.C. § 1752(a)(1), (b)(1)(A) (Count VII); Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. § 1752(a)(2), (b)(1)(A) (Count VIII); Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. § 1752(a)(4), (b)(1)(A) (Count IX); Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D) (Count X); and Act of Physical Violence in the Capitol Grounds or Buildings, in violation of 40 U.S.C. § 5104(e)(2)(F) (Count XI).

Crawford pled guilty to Counts I, II, III, IV, V, and XI on May 17, 2024, and the Court held a bench trial on the remaining counts on June 17–18.  Upon Crawford's oral motion for a judgment of acquittal, the Court found him not guilty of the dangerous-weapon element of Counts VI, VII, VIII, and IX on the ground that the rubber gas mask he possessed and hurled was not a deadly or dangerous weapon.  The Court, however, allowed the lesser-included charges of those counts to proceed.  It then found Crawford guilty of Counts VII, VIII, IX, and X.  This left only Count VI, which charged Defendant with assaulting officers by throwing the gas mask.  Although the mask was not a dangerous weapon, the Court could still convict him of a felony if it made other findings.  Because certain legal questions were close, the Court held the verdict on Count VI in abeyance and requested further briefing on three issues: 1) whether Crawford's act of throwing the gas mask involved "physical contact" with a law-enforcement officer under § 111(a); 2) whether § 231(a)(3) civil disorder qualifies as "another felony" under § 111(a); and 3) whether Defendant must be physically present for the Court's delivery of its verdict on Count VI.

**II.      Analysis**

To make out a felony violation of 18 U.S.C. § 111(a), the Government must prove either that Crawford's acts "involve[d] physical contact with the victim" or "the intent to commit another felony." As the parties agree, either ground is independently sufficient to constitute a felony § 111(a) violation. See ECF No. 69 (Def. Reply) at 1, 3, 12–13; ECF No. 68 (Gov't Response) at 1–2. Because the Court finds that Crawford intended to commit another felony when he threw the gas mask, it has no need to address whether this act resulted in physical contact with the officer. In addition, because the Court will deliver its verdict right before sentencing in October, it declines to resolve whether Crawford would otherwise have to be physically present for that pronouncement.

In contending that Defendant had the "intent to commit another felony" when he threw the gas mask, the Government invokes 18 U.S.C. § 231(a)(3), the civil-disorder statute. That provision criminalizes the actions of one who "commits or attempts to commit any act to obstruct, impede, or interfere with any fireman or law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function."

As his assaultive behavior is precisely the conduct that would underlie a § 231(a)(3) charge, Crawford argues that civil disorder cannot qualify as "another felony" under § 111(a). That position cannot prevail, however, given the D.C. Circuit's recent decision in United States v. Stevens, 105 F.4th 473 (D.C. Cir. 2024), which postdated the bench trial in this case. There, our Circuit considered "whether the Section 231(a)(3) civil disorder offense constitutes 'another

3

felony' separate from the Section 111(a)(1) count." Id. at 480–81.  Noting the provisions' "distinct requirements," the Circuit "conclude[d] that it does." Id. at 481.  Bound by that decision, this Court holds the same.  If Crawford violated § 111(a) with the intent to commit civil disorder under § 231(a)(3), he can be convicted of a felony violation of § 111(a).

      Defendant attempts to distinguish Stevens, maintaining that the Circuit there was addressing a sentencing issue, as opposed to the applicability of a criminal statute.  According to Crawford, because the primary question in Stevens was whether the district court had properly applied a Sentencing Guideline to the defendant's § 111(a) offenses, the Circuit's predicate holding that civil disorder constitutes "another felony" under § 111(a) does not control here.  The Court disagrees.  Our Court of Appeals couched its holding in broad language, stating without qualification that a "Section 231(a)(3) civil disorder offense constitutes 'another felony' separate from the Section 111(a)(1) count." Id. at 480–81.  Crawford nonetheless argues, in essence, that the Circuit assumed without deciding that the district court correctly found a felony violation of § 111(a) based on the defendant's intent to commit civil disorder.  But the Circuit gave no indication that its holding in Stevens was so limited; instead, it independently assessed § 111(a). See id. at 481.  Nor did the Circuit suggest that the phrase "intent to commit another felony" was ambiguous enough to invoke the rule of lenity or too vague to encompass civil disorder under § 231(a)(3).  Stevens, then, instructs that civil disorder under § 231(a)(3) constitutes "another felony" for purposes of § 111(a).

      Not ready to throw in the towel, Crawford next contends that, even if civil disorder does qualify as "another felony," the evidence at trial was insufficient to convict him of this element.  He makes two arguments to that end, but neither is persuasive.

4

Defendant first asserts that although he pled guilty to independently violating § 231(a)(3) — *i.e.*, Count I — he did not thereby admit that throwing the gas mask specifically constituted an act of civil disorder. That is incorrect. As set out above, § 231(a)(3) criminalizes "commit[ting] or attempt[ing] to commit any act to obstruct, impede, or interfere with any fireman or law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder." Crawford acknowledged in his plea that the events of January 6 constituted a civil disorder and that "between approximately 4:10:42 p.m. and 4:13:38," he "committed acts to obstruct, impede, or interfere with a law enforcement officer performing his official duties." ECF No. 52 (Statement of Offense) at 1–2. Defendant also concedes that, "at or about 4:13:30 p.m.," he "threw a rubber and plastic gas mask toward a line of police officers." Def. Opp. at 2. The gas-mask throw thus occurred during the timeframe in which Crawford admitted to multiple violations of § 231(a)(3). Because that toss constituted an "act to obstruct, impede, or interfere with" law enforcement, see 18 U.S.C. § 231(a)(3), Crawford has already admitted that he committed civil disorder by throwing the mask.

Defendant next makes the related argument that — even if a violation of § 231(a)(3) is "another felony" under § 111(a), and even if throwing the gas mask constituted an act of civil disorder — he cannot be convicted of a felony § 111(a) violation because he did not intend to commit civil disorder when he threw the gas mask. In Crawford's telling, he meant to throw the gas mask as an act of "exasperation and frustration," not to obstruct, impede, or interfere with a law enforcement officer. See Def. Opp. at 2. Because a felony violation of § 111(a) requires "intent to commit another felony" (emphasis added), Crawford reasons, he has not satisfied the elements.

5

This is a factual question that must be resolved by the factfinder — here, the Court. It concludes that the Government has proven beyond a reasonable doubt that Crawford intended to obstruct, impede, or interfere with law enforcement by throwing the gas mask. As discussed, he has already admitted that he "committed acts to obstruct, impede, or interfere with a law enforcement officer performing his official duties" "[b]etween approximately 4:10:42 p.m. and 4:13:38," Statement of Offense at 2, a time that includes his throwing the gas mask. It strains credulity to claim that Crawford temporarily lost his intent to obstruct law enforcement during the split second in which he threw the gas mask at the officer. When he threw the mask, he possessed the necessary "intent to commit another felony" to be convicted of a felony violation of § 111(a).

### III.  Conclusion

For the foregoing reasons, the Court will find Crawford guilty on Count VI at the sentencing hearing scheduled for October 21, 2024.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: August 27, 2024