## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CASE NO. 23-cr-426 JEB** |
| **v.** | : | |
| | : | |
| **PHILLIP CRAWFORD,** | : | |
| | : | |
| **Defendant.** | : | |

### <u>GOVERNMENT'S SECOND MOTION FOR REVOCATION OF RELEASE</u>

The United States of America hereby moves the Court for the entry of an order revoking the release of Phillip Crawford under 18 U.S.C. § 3148(b). Pretrial Services has requested intervention by this Court, ECF No. 76, and has additionally requested program removal. Under 18 U.S.C. § 3148(a), "A person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." The specific condition at issue is: "The defendant must: . . . (q) submit to the following location monitoring technology and comply with its requirements as directed . . .." ECF No. 21, p. 2-3. The defendant has continuously failed to follow the directions of his supervising officer related to the location monitoring technology. This Court should revoke the defendant's release.

### I.     FACTUAL BACKGROUND

The defendant assaulted multiple police officers at the United States Capitol on January 6, 2021. His conduct included pulling a member of the United States Capitol Police by the leg and attempting to pull him into the crowd. ECF No. 52 p. 2 (Defendant's Statement of Offense, count three). The defendant forcibly assaulted these officers as the officers were desperately attempting to keep a violent mob from entering the Capitol. The defendant's violence only stopped when he was physically beaten back by those officers. But in an additional act of defiance, before leaving

the tunnel, the defendant picked up a fallen gas mask and again threw it at the line of police on his way out.

At the time of his arrest, the defendant continued this same defiant behavior. During his arrest he yelled in federal officers' faces, called them traitors, and forcibly resisted against officers attempting to get him to his initial appearance in the Northern District of Georgia. The defendant told officers, "I'll beat your ass with these handcuffs on!" Gov. Tr. Ex. 508.

At his initial appearance in the Northern District of Georgia, United States Magistrate Judge Christopher C. Bly imposed a condition of home detention with the requirement that the defendant "submit to the following location monitoring technology and comply with its requirements as directed." *United States v. Crawford*, 23-mj-647-CCB, ECF No. 5, p. 3 (N.D. Ga. July 12, 2023). United States Magistrate Judge Robin M. Meriweather continued that same condition after the defendant's initial appearance in the District of Columbia. ECF No. 9, p. 3 (July 25, 2023).

The government filed a motion to revoke the defendant's release on November 24, 2023, after pretrial services reported several location infractions, as well as potential tamper notifications, received by the defendant's supervising officer in the Northern District of Georgia. ECF No. 13. This Court held a bond revocation hearing on December 8, 2023. The Court denied the motion to revoke release but continued a condition that the defendant "submit to the following location monitoring technology and comply with its requirements as directed." ECF No. 21, p. 3. Pretrial services noted the defendant had already informed his supervising officer "that he knew a great deal of information about the equipment and that he could 'probably remove it without [the] officer knowing.'" ECF No. 12-1, p. 3.

The current pretrial services report picks up immediately after the last revocation ended. Eleven days after the defendant's initial court hearing, the defendant required a total replacement to his location monitoring technology device. ECF No. 76 p. 3. The defendant acknowledged that he had been "rough on things." *Id*. The defendant was instructed to protect the device. The officer noted that the device had dirt clumped on the device and interfered with its operation. *Id*.



*Figure 1: The replaced device with dirt clumped between inside of strap into the casing.*

Three months later, the supervising officer inspected the defendant's device and noted scratches and cuts on the plastic housing. *Id*. This time, the defendant informed his supervising officer that he is "hard on things." *Id*. A little more than a month later, another notification occurred where the defendant continued to acknowledge that he is "rough" on things. *Id*. Only four days

after that interaction, more mud and dirt again interfered with the device. *Id*. The device had to be cleaned and a new strap installed to return it to proper functioning. *Id*.

Between the defendant's change of plea hearing in which he pled guilty to counts one through five and eleven, Minute Entry Dated May 17, 2024, and the trial, Minute Entry Dated June 17-18, 2024, the defendant's device again needed to be inspected due to another strap tamper alert. Once again, the supervising officer noted scratches on the plastic casing.



*Figure 2: Photograph from June 13, 2024 of the defendant's device.*

Two weeks after this inspection, pretrial services again replaced the device. ECF No. 76, p. 3. The defendant told his supervising officer that he stepped into a hole on the beach that was filled with ocean water. *Id*. Again, a new monitor had to be installed. *Id*. Two months after this replacement, pretrial services again replaced the device following yet another strap tamper alert. *Id*.

## II.   LEGAL BACKGROUND

Under 18 U.S.C. § 3148(b), "The attorney for the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court." An order of revocation *shall* be ordered if after hearing,

> The judicial officer—
>
>> (1) finds that there is—
>>> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>>>
>>> (B) clear and convincing evidence that the person has violated any other condition of release; and
>> (2) finds that—
>>> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>>>
>>> (B) the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. § 3148(b).

Further, the statute requires, "If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the that the person will not pose a danger to the safety of any other person or the community." *Id*.

The State of Georgia forbids "any person to knowingly and without authority remove, destroy, or circumvent the operation of an electronic monitoring device which is being used for the purpose of monitoring a person who is: . . . (2) Wearing an electronic monitoring device as a condition of bond or pretrial release . . .." Ga. Code Ann. § 16-7-29 (2023). Such a crime is a felony punishable "by imprisonment for not less than one nor more than five years." *Id*.

### III.   ARGUMENT

The present pretrial services report is not the first time pretrial services has asked this Court to intervene during the defendant's release and it is not the first time the defendant has exhibited a defiance to the rules. On November 21, 2023, the United States Probation Office for the Northern District of Georgia reported several violations during the defendant's release. ECF No. 12-1. Of those, the officer reported two strap tamper alerts that were received during the evening hours of November 14, and 20, of 2023. In each instance, a buildup of dirt was discovered inside the housing of the device. These two instances followed an October 3, 2023, meeting where the officer reported the defendant "expressed that he knew a great deal of information about the equipment and that he could 'probably remove it without [the] officer knowing.'" ECF No. 12-1. The defendant was warned each time that tampering with the device would be problematic.

Pretrial services now report a continuing and ongoing pattern of defiant behavior. In addition to dirt being clumped in the device, the officer has also observed scratches and cuts along the devices' casing. The defendant explained this damage as his being "rough on things." But after each of the seven incidents noted by the supervising officer, the defendant has been warned about proper care of the equipment. After at least six of those warnings, the damaging behavior has continued.

The specific release condition at issue requires the defendant to comply with the requirements of the location monitoring technology as directed by the Northern District of Georgia. Repeatedly, the defendant has not complied with those directives. Instead, he has continued to rationalize his damaging behavior as just being "rough on things."

The defendant no longer enjoys the presumption of innocence. He has been convicted of four assaultive felonies.[1] In the present posture, "the judicial officer *shall* order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . *be detained* . . .." 18 U.S.C. § 3143(a)(1) (emphasis added). The burden is now on the defendant to show "clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . .." *Id*. Instead of using his opportunity on release to show he is not likely to flee, the defendant has continued to disregard the instructions from his supervising officer to stop damaging the monitoring device. His flouting of those instructions has required pretrial services to install a replacement device—thrice.

But the defendant's conduct does not just violate pretrial services' directives; it also violates Georgia law. This most recent report from pretrial services provides probable cause to believe the defendant has violated Georgia law by "*knowingly and without authority* remov[ing], *destroy[ing]*, or *circumvent[ing] the operation* of an electronic monitoring device which is being used for the purpose of monitoring a person who is: . . . (2) Wearing an electronic monitoring device as a condition of bond or pretrial release . . .." Ga. Code Ann. § 16-7-29 (2023) (emphasis added). Such a crime is a felony punishable by "not less than one nor more than five years." *Id*. Probable cause of the commission of this state felony creates a rebuttable presumption that *no condition or combination of conditions* will assure that the person will not pose a danger to the safety of any other person or the community. 18 U.S.C. § 3148(b).

In the present posture of the case, the government requests an in-person hearing to show probable cause that the defendant violated Georgia's § 16-7-29, and an opportunity to show clear and convincing evidence that the defendant violated his release condition. Each would be satisfied

---

[1] This Court has opined that it will make a finding of guilt on the fifth assaultive felony at the next in-person court hearing. ECF No. 72.

by proving the allegations found within the pretrial services report, ECF No. 76. Following such a hearing, this Court should find there is no condition or combination of conditions of release that will assure the defendant will not flee or pose a danger, and that the defendant is unlikely to abide by any condition or combination of conditions of release.

## IV.    CONCLUSION

Because the defendant has continuously failed to follow the directives of his supervising officer as ordered by this Court, the government respectfully requests this Court revoke the defendant's release pending sentencing.

Respectfully Submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:    /s/ *Adam M. Dreher*
ADAM M. DREHER
Assistant United States Attorney
Michigan Bar No. P79246
601 D. St. N.W.
Washington, D.C. 20530
(202) 252-1706
adam.dreher@usdoj.gov

MINDY DERANEK
Assistant United States Attorney
Washington Bar No. 43085
(202) 252-7776
mindy.deranek@usdoj.gov