UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 23-cr-426 JEB |
| v. : | |
| : | |
| PHILLIP CRAWFORD, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO CONTINUE
SENTENCING AND EXTEND FILING OF THE PRESENTENCE REPORT**

The United States of America respectfully opposes the defendant's motion to continue his sentencing date and extend the filing deadline of his presentence report, ECF No. 83, because the defendant has not shown good cause as required under Fed. R. Crim. P. R 32(b).

**I.   Procedural Background.**

Rule 32 requires the Court to "impose sentence without unnecessary delay." R 32(a). Following the defendant's trial, this Court held verdict on count six in abeyance pending further briefing. Minute Entry June 18, 2024. Following the parties' briefing on the issue, this Court entered an opinion that it will convict the defendant of count six at the next hearing. *United States v. Crawford*, 2024 WL 3967310 (D.D.C. August 27, 2024) (Boasberg, C.J.). Within that same opinion, this Court ordered sentencing to occur October 21, 2024. *Id*. at *3.

On September 3, 2024, present counsel entered an appearance and filed a motion to vacate sentencing. ECF Nos. 74 and 75. On October 7, 2024, this Court granted the defendant's motion and set sentencing for January 10, 2025. Minute Entry October 7, 2024. On November 26, 2024, the defendant filed his second motion to continue his sentencing date. ECF No. 83.

**II.     Argument.**

The defendant "expressed [an] interest in withdrawing his guilty pleas and filing other post-trial motions." ECF No. 83 at 1. While it is unclear how a missing trial transcript could affect a motion to withdraw a plea, it is important to note that transcripts for May 17, 2024; June 17, 2024; and June 18, 2024; have been prepared and are available. These transcripts cover the change of plea hearing and both trial days. Additionally, transcripts have been prepared for hearings on December 8, 2023; January 22, 2024; and May 29, 2024.

Under Rule 11, "A defendant may withdraw a plea of guilty or nolo contendere: . . . (2) after the court accepts the plea, but before it imposes sentence if: . . . (B) the defendant can show a fair and just reason for requesting the withdrawal." R. 11(d)(2)(B). Quite plainly, "a defendant who fails to show some error under Rule 11 has to shoulder an extremely heavy burden . . . .." *United States v. Cray*, 47 F.3d 1203, 1208 (D.C. Cir. 1995). Thus far, the defendant provides no basis for a withdrawal of his plea other than he has expressed an interest in doing so.

Under Rule 33, "Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." R. 33(b)(2). The timing under Rule 29 is similar and requires a motion to be filed, "within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." R. 29(c)(1). There have been more than 14 days since the Court's August 27, 2024, opinion. Additionally, it has been more than 14 days since the notice of appearance filed by the defendant's current counsel. There have also been more than 14 days since the transcripts have been filed. The defendant should need to present more than just an interest in filing post-trial motions to delay his sentencing date.

Finally, the defendant submits that his attorney has been unable to attend his interview for the presentence investigation. Rule 32(c)(2) requires, "The probation officer who interviews a

2

defendant as part of a presentence investigation must, on request, give the defendant's attorney notice *and a reasonable opportunity to attend the interview*." (emphasis added). An attorney's appearance during the interview is not required by the rule because ultimately it is this Court that will use the information within the report to fashion an appropriate sentence.

The defendant does not explain why the sentencing date presently set for January 10, 2025, needs to be continued. Instead, he claims only that the possibility of other motions that may be filed should delay the date by which those potential motions could be due. Rule 32(b) requires good cause for sentencing dates to be moved. Here, the defendant does not provide good cause.

### III.  Conclusion.

Because the defendant has not shown good cause to delay his sentencing, the government respectfully requests this Court deny the defendant's motion.

Respectfully Submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   /s/ *Adam M. Dreher*
ADAM M. DREHER
Assistant United States Attorney
Michigan Bar No. P79246
601 D St. NW
Washington, D.C. 20530
(202) 252-1706
adam.dreher@usdoj.gov

MINDY DERANEK
Assistant United States Attorney
Washington Bar No. 43085
(202) 252-7776
mindy.deranek@usdoj.gov