**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **vs.** | * | **Case No.  23-cr-00426-(JEB)** |
| | * | |
| **PHILLIP CRAWFORD**, | * | |
| **Defendant** | * | |
| | * | |

**ooOoo**

## MOTION TO CONTINUE THE SENTENCING HEARING

Phillip Crawford, through undersigned counsel, hereby respectfully moves to continue the sentencing hearing scheduled in this case for January 10, 2025.  The reason for the request is that undersigned counsel requires additional time to review the materials relevant to the case in order to provide adequate representation to Mr. Crawford.  The government opposes this request.

1.       The case is fact-intensive, charges 11 separate counts, most of which are felonies and undersigned counsel was not trial counsel.  The case also involves unusual circumstances – the Court accepted a plea of guilty to some but not all counts, with no plea agreement and where the parties disputed the underlying facts of the offense.  A month later, the Court presided over a bench trial and acquitted Mr. Crawford of using a deadly and dangerous weapon during the charged offenses.

2.       Apparently conceding that Mr. Crawford did not present an imminent risk of danger, the government took its time in bringing charges.  It first identified Mr. Crawford in January 2021.  In March 2021, the FBI interviewed Mr. Crawford.  Yet the government did not file the criminal complaint until July 2023.  It then took another five months before filing an Indictment and three more months more before filing a Superseding Indictment.  The plea and trial did not take place until

May and June 2024.[1]

3.      Nonetheless, the government now objects to undersigned counsel's request for more time to review the evidence and prepare for sentencing in a case where it is asking the Court to impose a sentence of 78 months imprisonment for a defendant with zero-criminal history points, who has been on pretrial release since his arrest.

4.      On January 3, 3024, the government filed a 35-page sentencing memorandum, which included multiple images and references to trial exhibits.  The memo also references testimony from the January 6 Congressional hearings, including a link to a 3-plus hour C-Span video of one of the hearings.  In response to undersigned counsel's request to upload to USAFx all the referenced exhibits, the government today responded that it would try to upload the materials today.[2]

5.      Because of the number of counts and the grouping rules, the guidelines calculations are complex.

6.      There are multiple mitigating circumstances regarding Mr. Crawford's conduct on January 6 that require additional evidence review by counsel.  The review is not limited to the case-specific materials that the government produced in discovery but require review of Global Discovery as well as open source materials in order to ascertain the full context of Mr. Crawford's actions.  As

---

[1]  The government first received a tip about Mr. Crawford's identity on January 24, 2024. Complaint (ECF 1-1) at 2.  The FBI interviewed Mr. Crawford on March 4, 2021, at which time he admitted to participating in the demonstrations at the US Capitol on January 6.  *Id.*  The Complaint was filed on July 7, 2023.  *Id.*  The 8-count Indictment was not filed until December 6, 2023 (ECF 19).  An 11-count Superseding Indictment was filed on March 6, 2024 (ECF 34).  The plea was taken on May 17, 2024.  The bench trial took place on June 17-18, 2024.  Post-trial motions were filed by the parties and the Court issued a Memorandum on the dangerous weapon issue on August 27, 2024 (ECF 72).

[2]  Counsel is trying to locate the particular items in the discovery that has been provided by prior defense counsel.

the Court is aware, video materials from January 6 involve throngs of persons, fuzzy images, multiple points of view, and chaotic events which make it difficult to identify a person's specific behavior. Adequate review of videos usually requires rewinding and slowing down the video replay. As well, counsel has not completed reviewing materials - including videos - that Mr. Crawford has identified that are relevant to his case and mitigate his conduct.

7.    There is much mitigating evidence relating to Mr. Crawford, personally. He is married and has three young children. He has been an active parent, involved in his children's sports and school activities. He is an honorably discharged veteran. He has no criminal history points. He has a long standing history of charitable contributions to his community. He has been on pretrial release since 2023, and is in full compliance with the conditions of release. *See* Pretrial Compliance Report (ECF 91, filed 1/8/25). This is a surface summary of the relevant mitigating information.

8.    Despite due diligence, counsel has not been able to complete the work necessary to provide the court with a complete picture of Mr. Crawford's personal mitigating circumstances nor the mitigating circumstances relevant to his conduct on January 6, including reviewing letters of recommendation from family and friends.[3] Counsel has also been unable to complete the work necessary to respond to the government's sentencing memorandum nor to address the complexities of the sentencing guidelines in this case.

9.    Undersigned counsel is of the opinion that there is merit to Mr. Crawford's desire to withdraw his guilty plea, which will be raised in a separate motion. Consideration of this issue has also taken up counsel's time.

---

[3] Counsel believes there may be attention deficit disorder issues, which are relevant both to Mr. Crawford's conduct on January 6 as well as the plea hearing.

10.     Counsel entered her appearance in this case on September 3, 2024, replacing previously appointed counsel.  However, it was not until November 2024, that counsel received the necessary transcripts of prior proceedings, with one transcript not received until December 17, 2024. In addition, in discussing the case with Mr. Crawford it is clear that there are avenues of investigation and research that require further attention from counsel.

11.     Representation of a defendant for sentencing in a case such as this requires almost as much time (if not more) than if the case were being prepared for trial.  Adequate representation requires review of transcripts, discovery, discussions with the client, and research of issues. Review of the evidence cannot be limited solely to review of the case-specific discovery or of the trial exhibits, particularly in a case such as this where Mr. Crawford detailed information he wished his prior counsel had explored.  Moreover, in January 6 cases, much of the relevant evidence can only be found by reviewing third-party and open source materials.

12.     Counsel has been working diligently to attempt to comply with the Court's schedule. However, counsel currently represents 18 other defendants in district court involving January 6 cases as well as complex, multi-defendant drug, Hobbs Act, fraud and similar conspiracies.  Counsel is scheduled to start a 26-count multi-defendant trial on February 17.  Counsel also has six active pending appeals, with differing deadlines.  In sum, despite due diligence, in counsel's opinion additional time is essential to complete the necessary work to provide adequate representation to Mr. Crawford.  As the Court well knows, while undersigned counsel is diligent in her advocacy on behalf of her clients counsel also presents arguments that are supported by the law and the evidence.

13.     On balance, in light of the fact that the government, with its overwhelmingly greater resources took nearly 2-1/2 years to charge Mr. Crawford after January 6, the government would be hard-pressed to claim prejudice were the Court to continue the sentencing hearing and grant undersigned counsel the time that in counsel's professional opinion is necessary to provide adequate representation to Mr. Crawford.  The Constitution affords Mr. Crawford that right.

## CONCLUSION

For all these reasons, Mr. Crawford respectfully requests that the Court continue the Sentencing Hearing and convert the January 10, 2025 hearing to a virtual status conference to select a new sentencing date.[4]

Respectfully submitted,

/s/ Carmen D. Hernandez
**Carmen D. Hernandez**
Bar No. MD 03366
7166 Mink Hollow Rd
Highland, MD 20777
240-472-3391
chernan7@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that the instant notice was served via ECF on all counsel of record this 8th day of January, 2025.

/s/ Carmen D. Hernandez
**Carmen D. Hernandez**

---

[4]  Lastly, due to travel congestion resulting from the recent stormy weather as well as the upcoming ceremonies relating to President Carter's funeral services, travel to DC from Georgia has become cost-prohibitive for the Crawfords.

5